IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v ) | CR. NO. 3:11cr08-WKW |
| ) | (WO) |
| COURTNEY DIJARIS WILSON ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On January 13, 2011, the defendant was charged in a single count indictment with unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. # 1). On April 28, 2011, the defendant was charged in a superseding indictment with three counts of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) and one count of possession of cocaine hydrochloride in violation of 21 U.S.C. § 844. (Doc. # 35). On August 31, 2011, a second superseding indictment was filed, charging the defendant and four others with conspiracy to possess firearms in furtherance of violent felonies in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 924(c)(1)(C)(i). (Doc. # 65). Wilson was also charged with car jacking, brandishing and discharging a firearm during a car jacking, attempted car jacking, brandishing a firearm during an attempted car jacking, robbery and brandishing a firearm during a robbery. (*Id.*) Finally, as charged in the original indictment, the defendant was charged with unlawful possession of a firearm by a convicted felon. (*Id.*)

Now pending before the court is defendant Wilson's motion to sever count 8, the unlawful possession of a firearm by a convicted felon charge, from the other seven counts. (Doc. # 105). Pursuant to FED.R.CRIM.P. 8 and 14, Wilson contends that

> if Count 8 is joined with Counts 1-7 it will be extremely prejudicial because the jury will hear evidence of the defendant allegedly having a firearm and being involved in criminal activity in 2011, almost two years after Counts 1-7 allegedly took place. The jury will also hear about the Defendant's criminal history, the fact that he has a felony conviction, and this could cloud their judgment or could confuse the jury when they are making their deliberations as to Counts 1-7. A limiting instruction would not be sufficient to ensure that the prejudicial effects would not be felt by the Defendant.

(Doc. # 105 at 2-3, ¶ 8).

After careful consideration of the motion and briefs of the parties, the court concludes that the motion to sever is due to be denied.

## DISCUSSION

Wilson alleges that by joining count 8, unlawful possession of a firearm by a convicted felon, with the other counts charging conspiracy, car jacking and brandishing a firearm, he would be unduly prejudiced by the jury learning that he was a convicted felon. He further asserts that actions that form the basis for count 8 occurred in Lee County, Alabama while the actions that form the basis of counts 1 through 7 occurred in Montgomery and Autauga counties. Finally, he contends that he would be prejudiced because the actions that form the basis of counts 1 through 7 allegedly occurred in 2009 but count 8 alleges he possessed a firearm in 2011, almost two years later.

A Rule 8(a) claim questions the propriety of joining two or more offenses in a single

indictment in the first instance. After considering the defendant's Rule 8 claim, the court will turn to his Rule 14(a) claim challenging the joinder of the offenses at a single trial as unduly prejudicial.

FED.R.CRIM.P. 8 permits an indictment to "charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." FED.R.CRIM.P. 8 is "construed broadly in favor of initial joinder, allowing joinder of offenses that "are of the same or similar character," even if such offenses do not arise at the same time or out of the same series of acts or transactions." *United States v. Hersh*, 297 F.3d 1233, 1241 (11th Cir. 2002). Wilson is charged with conspiracy to possess firearms to commit violent felonies. He is charged with committing and attempting to commit car jacking and robbery, and he is charged with brandishing a firearm during the commission of those violent felonies. Finally, he is charged with being a convicted felon in possession of a firearm. All of Wilson's charges involve the use of firearms, including being a convicted felon in possession of a firearm. The offenses are factually similar, involving a conspiracy to use firearms to commit violent felonies. Rule 8(a) requires that the offenses be of 'similar character' in category or type, not in evidentiary matters. *Id*. Severance is not required because the offenses alleged in counts 1 through 7 occurred at a different time than alleged in count 8. *See United States v. Walser*, 3 F.3d 380, 385 (11th Cir. 1993) ("While the offenses charged . . . are distinct in time . . ., they are nonetheless similar."). The court

3

concludes that the offenses are properly joined pursuant to FED.R.CRIM.P. 8(a). *See United States v. Riblet*, 91 Fed. Appx. 128 (10th Cir. 2004).

The court now turns to whether Wilson is entitled to a severance pursuant to FED.R.CRIM.P. 14 because joinder of the counts results in compelling prejudice to him. The general rule in this Circuit is that defendants who are jointly indicted should be tried together. *United States v. Lopez*, 649 F.3d 1222, 1233-34 (11th Cir. 2011). This rule "is even more pronounced in conspiracy cases where the refrain is that 'defendants charged with a common conspiracy should be tried together.'" *Id*. at 1234. However, FED.R.CRIM.P. 14 provides in relevant part as follows:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

A severance becomes necessary if, without a severance, a defendant would be unable to receive a fair trial and he would suffer "compelling prejudice." *Lopez*, 649 F.3d at 1234; *United States v. Freyre-Lazaro*, 3 F.3d 1496, 1501 (11th Cir. 1993). *See also United States v. Morales*, 868 F.2d 1562, 1571 (11th Cir. 1989). The defendant's burden is a heavy one. *Lopez,* 649 F.3d at 1234. "The bar for showing that kind of prejudice is so high that only in the rarest case can a defendant clear it..." *Id*. at 1235. To determine compelling prejudice "the defendant must establish that a joint trial would actually prejudice the defendant and that a severance is the *only* proper remedy for that prejudice – jury instructions or some other

4

remedy short of severance will not work." *Id.*, at 1234 (emphasis added). *See also United States v. Hill*, 643 F.3d 807, 828 (11th Cir. 2011) (Compelling prejudice may be demonstrated by a showing that the jury would be "unable to sift through the evidence and make an individualized determination" as to each offense.)

'[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent a jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Wilson has offered the court no factual support from which the court could determine if there exists prejudice sufficient to warrant separate trials on counts 1 through 7 and count 8. The defendant has not identified "any specific prejudice," but merely recited bare, conclusory statements without factual support from which the court may determine if there exists prejudice sufficient to warrant separate trials. *See United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997) (defendant has burden of demonstrating "specific and compelling prejudice" to warrant a severance); *United States v. Adams*, 1 F.3d 1566, 1578 (11th Cir. 1993) (conclusory allegations cannot carry the defendant's burden of demonstrating compelling prejudice). The defendant must present "specific and exonerative facts" to justify a severance which he has not done. *See United States v. Novaton*, 271 F.3d 968, 990 (11th Cir. 2001).

The law in this circuit is clear that joinder of felon in possession of a firearm count with other counts is insufficient to demonstrate compelling prejudice. *See Lopez*, 649 F.3d

at 1242; *United States v. Hinds*, ___ Fed. Appx ___, 2011 WL 2938048 (11th Cir., July 22, 2011) (No. 10-10524); *United States v. Mickens*, 408 Fed. Appx. 253, 255 (11th Cir., Jan. 7, 2011) *reh'g and reh'g en banc denied*, 429 Fed. Appx. 963 (11th Cir., Mar. 23, 2011) (Table, No. 10-10347-FF) *and certiorari denied*, — S.Ct. —, 2011 WL 4532581 (Oct. 3, 2011) (No. 10-11186).

Finally, the defendant has shown no reason why a properly instructed jury cannot consider the evidence as it relates to each offense.

In deciding whether to grant the motion to sever, the court must also "balance the prejudice that a defendant may suffer . . . against the public's interest in judicial economy and efficiency."[1] *Hill*, 643 F.3d at 828. The defendant has presented no facts from which the court could determine if prejudice exists sufficient to warrant separate trials. The mere possibility of prejudice is not enough, nor is the "the fact that a defendant's chances of acquittal are materially better in separate trials" sufficient. *Hill*, 643 F.3d at 834. A defendant does not incur compelling prejudice merely because there is a disparity in evidence between the charged offenses. Hill, 643 F.3d at 829 *quoting Schlei*, 122 F.3d at 984.

Consequently, the court concludes that defendant Wilson has failed to meet his burden demonstrating that he is entitled to severance on count 8 of the second superseding indictment.

---

[1] The court must also consider the timeliness of the motion to sever. *See United States v. Cobb*, 185 F.3d 1193, 1197 (11th Cir. 1999). There is no dispute that the motion to sever is timely.

## CONCLUSION

Accordingly, for the reasons as stated, it is the RECOMMENDATION of the Magistrate Judge that the motion to sever filed by defendant Wilson be DENIED. It is further

ORDERED that the parties shall file any objections to the this Recommendation on or before **November 1, 2011**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

Done this 18th day of October, 2011.

      /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE